PITMAN, J.
| Defendant-Appellant Melvin Landis Hill appeals the district court’s judgment in favor of Plaintiff-Appellee Caddo Housing Corporation. For the following reasons, we affirm.

FACTS

On October 7, 1997, Defendant purchased a house located at 420 Indian Trail, Shreveport, Louisiana 71107 (“the property”). In May 2010, Defendant, lost the property to foreclosure. On October 13, 2010, James Britt purchased the property at a sheriffs sale. Defendant continued to live in the house and paid rent to Mr. .Britt. On November 19, 2013, Mr. Britt filed a petition for eviction for nonpayment of rent; and, on December 3, 2013, the city court judge ordered Defendant to vacate the property on or before December 4, 2013, at 5:00 p.m. In January 2014, a warrant of possession was executed, restoring possession of the property to Mr. Britt. On February 10, 2014, Mr. Britt sold the property to Plaintiff, and the act of sale was recorded in the Caddo Parish property records on February 19, 2014. Since the purchase, Plaintiff rented the property to tenants. On February 26, 2014, Defendant called the Shreveport Police Department (“SPD”) to the property, alleging that he was the rightful owner. On July 7, 2014, Defendant filed an eviction action against the occupants of the property, and the occupants were served with notice of eviction.
On July 29, 2014, Plaintiff filed a petition for declaratory judgment and permanent injunction, alleging that Defendant, by his actions, deprived and continued to deprive Plaintiff of its vested interest in the property. It requested a declaratory judgment that it is the rightful owner of the property Land that a permanent injunction issue enjoining Defendant from entering upon the property.
On August 28, 2014, Defendant responded [1] that he is the owner of the property. *644 He stated that he paid the utilities (electric, water and gas) for the property and that he made the mortgage payments to Select Portfolio for seven years until it stopped accepting payments and foreclosed on his home in the name of U.S. Bank. He alleged that he had a check from U.S. Bank that stated he is the rightful owner of' the property. He also stated that he was current with his mortgage payments.
.A hearing was held on July. 9, 2015. Cpl. Betsy Huey of the SPD testified that, on February 26, 2014, she. responded to the property after a call was' made to SPD’s nonemergency phone, line that someone was inside the house of the caller. She stated that she knocked on the door of the house and spoke with the persons inside, who advised that they were renting the house. She further stated that she reviewed the occupants’ paperwork and then called Plaintiff, who-confirmed that it had rented, the property to the occupants. She testified that Defendant then arrived at the property and informed her that he was the owner of the property. He showed her some paperwork to prove his ownership, but.it did not state he was the owner. ,She further testified that she .and other officers were called to the property “numerous .times” for the same reason. She stated that SPD| officers tried to | sexplain to Defendant that he was no longer the owner of the property, but that this did hot “sink[ ] through.”
Mr. Britt testified that he is a real estate investor who purchased the property at a-sheriffs sale- in 2010 and then’sold it to Plaintiff in 2014. He stated that he was not aware of any disturbances on the property while he owned it. He testified that, while he owned the house, he rented it to Defendant and his family, but then evicted them for nonpayment of rent.
‘ Fred Rogers testified that he is an attorney and president/owner of Plaintiff. He stated that Plaintiff purchased thé property from Mr. Britt and then rented it to tenants. He also testified that the tenants reported that Defendant claimed to own the house and that Defendant filed a petition for eviction against, them; in Shreveport City Court,' which disturbed their possession. The district court found in favor of Plaintiff and instructed Defendant not to bother Plaintiff or the tenants living at the property.
On July 13, 2015, the district court filed its judgment in favor of Plaintiff, finding that Plaintiff is the lawful, record owner of the property. It issued a permanent injunction forbidding Defendant from disturbing the owner and/or occupants of the property, which encompassed any trespass to the property that would prevent the owner and/or tenants from having quiet enjoyment of the property.
Defendant appeals.

DISCUSSION

In his pro se brief, Defendant argues that, before rendering judgment that Plaintiff is the rightful owner of the property, the foreclosure of his |4home by U.S. Bank should be declared illegal and unconstitutional. He contends that foreclosure errors in 2009 and 2010 caused him financial harm and emotional stress. He states that he purchased the property on October 7,1997, and it was illegally foreclosed upon on May 10, 2010, by U.S. Bank. He further states that he attempted, to make mortgage payments, but that the original mortgage-company returned his payment *645 because the mortgage was “taken over” by U.S. Bank. U.S. Bank then foreclosed upon his home and “turned the mortgage over” to Select Portfolio. He states that there was a lack of communication during the transitions of the mortgage companies and requests an independent foreclosure review to determine if he was the victim of foreclosure errors. He also requests that the foreclosure be declared illegal, that the ownership of Mr. Britt and Plaintiff be declared illegal and that all rights and ownership be restored to him.
' Plaintiff argues that Defendant has not presented any valid alleged error made by the district court for this court to consider. It notes that Defendant, instead, discusses issues relating to an alleged illegal foreclosure on the property. Contending that Defendant has not presented any valid assignments of error for this court to consider, Plaintiff requests that the appeal be denied as without merit.
It is well settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate court shall render any judgment which is just, legal and proper upon the record on appeal. La. C.C.P. art. 2164.
IfiThe arguments made by Defendant on appeal regarding an “illegal” foreclosure were addressed by the district court at the hearing on July 9, 2015, It explained to Defendant that the issue was not before the court and should have been addressed at the time of the foreclosure. It also explained that the mortgage company was not a party to the action before the court. It stated that Plaintiff purchased the property at a valid sheriffs sale and that events occurring before that sale were not at issue.
A review of the facts of this case demonstrates that the district court was not clearly wrong or manifestly erroneous in determining that Plaintiff is the lawful, record owner of the property. We find that the district court did not err in enjoining Defendant from disturbing the owner and/or occupants of the property. We further decline to declare that the foreclosure was illegal or to restore ownership to Defendant.
Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, we affirm the district court’s judgment in favor of Plaintiff-Appellée Caddo Housing Corporation. Costs are assessed to Defendant-Appellant Melvin Landis Hill.
AFFIRMED.

. Defendant filed this answer pro se, Rita K. ■ Bacot enrolled as his counsel in September 2014. She withdrew as counsel in April 2015 and notified Defendant that she believed he did not have a valid claim against Plaintiff and that his suit was frivolous.